

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 02 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MELODYE WHITFIELD,<br>Plaintiff,<br><br>v.<br><br>NORTHSIDE HOSPITAL,<br>Defendant. | Civil Action File<br><br>No.: **1:22-CV-2198**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff Melodye Whitfield (hereinafter "Plaintiff"), and hereby shows as follows:

### I. THE PARTIES

1. Plaintiff is now and was at all times relevant to this action a citizen of the United States entitled to bring lawsuits of this type and nature. Plaintiff is now and was at all times relevant to this action a resident of the State of Georgia.

2. Defendant is a corporation formed and headquartered in the State of Georgia.

1

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

4. Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C. § 1391(d) because Defendant is a municipal government that is subject to service in this District as well as because the events giving rise to this Complaint occurred in this District.

## III. FACTUAL ALLEGATIONS

5. Plaintiff was employed by Northside Hospital as an Operations Coordinator from May 5, 2014, to July 22, 2021.

6. Plaintiff's final hourly rate was $34.46 and she worked a minimum of 40 hours per week.

7. Plaintiff consistently worked 10 or more hours of overtime in addition to her regularly-scheduled 40 hours per week.

8. Plaintiff had multiple employees who reported directly to her, including Michelle Francis ("Ms. Francis).

9. Plaintiff's immediate supervisor was Kelly Allen ("Ms. Allen").

10. Beginning in February 2021, Ms. Francis took intermittent protected FMLA leave.

11. Ms. Francis took continuous FMLA leave from March 11 to March 20, 2021.

12. Ms. Allen stated to Plaintiff that she disapproved of the amount of leave Ms. Francis was taking, stating she was going to "find a way to get rid of" Ms. Francis.

13. Ms. Allen and Ms. Francis's relationship became antagonistic thereafter.

14. Both Ms. Francis and Ms. Allen frequently made Plaintiff be the go-between for them, as they refused to speak to each other directly.

15. On or about June 2021, Plaintiff learned from Ms. Francis that Ms. Allen had circumvented company protocol and given Ms. Francis a written disciplinary action "with job in jeopardy" in either April or May 2021.

16. Ms. Allen bypassed Plaintiff altogether in giving Ms. Francis this written disciplinary warning.

17. Plaintiff opposed Ms. Allen's comments and treatment of Ms. Francis, by stating that she believed Ms. Francis's leave was covered by FMLA and therefore could not be treated as having a negative impact on Ms. Francis's job performance.

18. After Plaintiff stated her opposition to Ms. Allen's treatment of Ms. Francis, Ms. Allen began to scrutinize Plaintiff's work more closely and harshly than Ms. Allen did her other direct reports.

19. The treatment Ms. Allen provided to Plaintiff was largely similar to the treatment Ms. Allen provided to Ms. Francis.

20. As a result of the increased scrutiny, Ms. Allen placed Plaintiff on a Performance Improvement Plan, citing "communication" as the issue.

21. During this period, Plaintiff performed identically to Ms. Allen's other direct reports—the only difference was Plaintiff's opposition to Ms. Allen's statement that she wanted to terminate Ms. Francis for taking too much FMLA leave.

22. At the end of the Performance Improvement Plan period, July 22, 2021, Ms. Allen terminated Plaintiff.

23. Plaintiff's performance reviews for the seven years preceding being put on the Performance Improvement Plan were between 92% - 97%, and were never marked as "needs improvement" or any similar characterization.

24. Plaintiff has sought alternative comparable employment but makes approximately $30,000 per year less than she did while working for Defendant.

### IV.   COUNT I

### FMLA RETALIATION

25. Plaintiffs incorporate by reference paragraphs 1 – 21 above as if set out fully herein.

26. Ms. Francis took protected FMLA leave from February to March, 2021.

27. Plaintiff engaged in the protected activity of opposing Ms. Allen's statement that she would "find a way to get rid of" Ms. Francis due to her taking FMLA leave.

28. Plaintiff was placed on a Performance Improvement Plan for a pretextual reason and was terminated shortly thereafter.

29. Other similarly-situated employees were not placed on Performance Improvement Plans or terminated.

30. But for Plaintiff's opposition to Ms. Allen's statements regarding Ms. Francis's FMLA leave, Plaintiff would not have been placed on a Performance Improvement Plan or terminated.

## V.   COUNT II

### ADA RETALIATION

31. Plaintiffs incorporate by reference paragraphs 1 – 27 above as if set out fully herein.

32. Ms. Francis had a serious medical condition that required from February to March, 2021.

33. Plaintiff engaged in the protected activity of opposing Ms. Allen's statement that she would "find a way to get rid of" Ms. Francis due to her taking FMLA leave.

34. Plaintiff was placed on a Performance Improvement Plan for a pretextual reason and was terminated shortly thereafter.

35. Other similarly-situated employees were not placed on Performance Improvement Plans or terminated.

36. But for Plaintiff's opposition to Ms. Allen's statements regarding Ms. Francis's FMLA leave, Plaintiff would not have been placed on a Performance Improvement Plan or terminated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

A. Back pay equal to the amount of wages Plaintiff would have received from July 22, 2021, to the date of judgment, along with other lost benefits such as insurance, paid time off, and retirement contributions;

B. Front pay, along with other lost benefits, for a reasonable period of time for Plaintiff to acquire comparable subsequent employment;

C. Liquidated damages in this action as allowed by statute; and

D. Additional relief as the Court deems proper and just.

Respectfully submitted this 2 day of June 2022.

Melodye Whitfield
Plaintiff, *pro se*

 **Gmail**  Melodye Whitfield <melodye.whitfield@gmail.com>

## EEOC Inquiry - Charge Particulars

**STEVEN GARCIA-REYES** <STEVEN.GARCIA-REYES@eeoc.gov>  Tue, Mar 15, 9:05 AM
To: Melodye Whitfield <melodye.whitfield@gmail.com>

Ms. Whitfield,

Apologies for the delay. Please see the attached document for your Notice of Rights to Sue.

Regards,

**Steven R. Garcia-Reyes**

*Equal Opportunity Investigator, Bilingual Spanish*

**From:** Melodye Whitfield <melodye.whitfield@gmail.com>
**Sent:** Monday, March 14, 2022 10:31 PM
**To:** STEVEN GARCIA-REYES <STEVEN.GARCIA-REYES@EEOC.GOV>
**Subject:** Re: EEOC Inquiry - Charge Particulars

**CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

[Quoted text hidden]

2022-2-15_410-2022-00308 Whitfield v. Northside Hospital Dismissal NRTS (2).pdf

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Atlanta District Office
100 Alabama Street, SW ,Suite 4R30
(404) 562-6887
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Mrs. Melodye L. Whitfield
5485 Bethelview Rd Ste 360-137
CUMMING, GA 30040

Re: Mrs. Melodye L. Whitfield v. NORTHSIDE HOSPITAL
EEOC Charge Number: 410-2022-00308

EEOC Representative and email:   STEVEN GARCIA-REYES
Investigator
steven.garcia-reyes@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC is closing this charge because you (or the person you have filed on behalf of) were not harmed or could not expect to be harmed by the action complained of.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By Darrell Graham
02/15/2022

Darrell Graham
District Director

CC: NORTHSIDE HOSPITAL          Andrew S. Bullock
c/o Cynthia Gist                 SCRUDDER BASS LLP
1000 Johnson Ferry Road          900 Circle 75 Parkway SE, Suite 850
Atlanta, GA 30342                Atlanta, GA 30339

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.